UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUCCES SERA,<br><br>                              Petitioner,<br><br>v.<br><br>PAMELA BONDI, U.S. Attorney General, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-01450-RBM-JLB<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Docs. 3, 8]** |

Pending before the Court are Petitioner Succes Sera's ("Petitioner") Amended Petition for a Writ of Habeas Corpus ("Amended Petition") (Doc. 8) pursuant to 28 U.S.C. § 2241 and Motion for Temporary Restraining Order ("TRO Motion") (Doc. 3).  For the reasons below, the Amended Petition is **GRANTED** and the TRO Motion is **DENIED as moot**.

## I.    BACKGROUND

**A.    Factual Background**

Petitioner is a citizen of Haiti.  (Doc. 8 at 2 (citing Doc. 8-1 [Declaration of Petitioner] ¶ 1).)  He came to the United States in 1995 "on a petition from his mother," but "was deported to Haiti in 2000." (*Id.*)  In 2024, Petitioner fled Haiti and went to Mexico, where he used the CBP One application to apply for asylum.  (*Id.*)  On June 9, 2024, "Petitioner applied for entry to the United States at the Calexico West Port of Entry without entry documents." (Doc. 9 at 2 (citing Doc. 9-1 at 2–3).)  He was taken into

custody and transferred to the Otay Mesa Detention Center, where he has remained since. (Doc. 8 at 2.)

On May 23, 2025, an immigration judge denied Petitioner's claims for relief and ordered him removed to Haiti. (*Id.* at 3; Doc. 9 at 2.) Petitioner appealed this decision to the Board of Immigration Appeals ("BIA"), and the BIA affirmed the immigration judge's decision on January 29, 2026. (Doc. 9-1 at 11–13.) Petitioner filed a Petition for Review with the Ninth Circuit on February 17, 2026. (*Id.* at 15–30.) The Ninth Circuit's Docketing Notice indicates that Petitioner's "Petition for Review includes a request for stay of removal. Pursuant to G.O. 6.4(c), a stay of removal is in effect until that request has been addressed." (*Id.* at 15.)

**B.    Procedural Background**

Petitioner, initially proceeding *pro se*, filed his original Petition for a Writ of Habeas Corpus (Doc. 1), TRO Motion (Doc. 3), and Motion to Appoint Counsel (Doc. 3) on March 6, 2026. The Court granted the Motion to Appoint Counsel and set a briefing schedule on March 11, 2026. (Doc. 4.) Petitioner, now represented, filed his Amended Petition on March 17, 2026. (Doc. 8.) Respondents filed their Return to Petition for Writ of Habeas Corpus ("Response") on March 26, 2026. (Doc. 9.) Petitioner filed his Traverse in Support of Petition ("Reply") on April 1, 2026. (Doc. 10.)

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

### III.   **DISCUSSION**

Petitioner argues that his detention has become unreasonably prolonged in violation of the Fifth Amendment's Due Process Clause (Doc. 8 at 3–9.)  Respondents argue that Petitioner is subject to a final removal order and thus mandatorily detained under 8 U.S.C. § 1231 for 90 days.  (Doc. 9 at 2–4.)  The Court finds that: (1) Petitioner's detention is governed by § 1225 rather than § 1231 because the Ninth Circuit issued a stay of removal; (2) Petitioner's detention has become unreasonably prolonged; and (3) Petitioner is entitled to a bond hearing.

**A.     Detention Under § 1225 or § 1231**

Section 1231(a) "does not provide authority to detain [a noncitizen] whose removal order is administratively final, but whose removal has been stayed by a court of appeals pending its disposition of his petition for review." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008).  Indeed, "[t]he statute makes clear that when a court of appeals issues a stay of removal pending its decision on [a noncitizen's] petition for review of his removal order, the removal period *begins only after the court denied the petition and withdraws the stay of removal*." *Id.* (emphasis added).

Petitioner has a removal order that is administratively final, but his removal has been stayed by the Ninth Circuit pending its disposition of his Petition for Review.  (Doc. 9 at 2; Doc. 9-1 at 15.)  The holding of *Prieto-Romero* thus controls: Petitioner is not yet subject to § 1231.  *Accord Hernandez-Castro v. Lyons*, Case No. 1:25-CV-01574 JLT SAB, 2025 WL 3771344, at *10–11 (W.D. Wash. Dec. 31, 2025) (finding a similarly-situated petitioner not subject to § 1231 and collecting cases).  Therefore, Petitioner's detention is governed by § 1225(b).

**B.     Prolonged Detention under § 1225(b)**

The Court recently explained its rationale for "join[ing] the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process." *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020); *see Xie v. LaRose*, Case No.: 3:26-cv-01116-

3:26-cv-01450-RBM-JLB

RBM-MMP, 2026 WL 836351, at *2–3 (S.D. Cal. Mar. 26, 2026).  The Court incorporates its reasoning in *Xie* and arrives at the same conclusion here.

The Court applies a six-factor balancing test to analyze whether detention under § 1225(b) has become unreasonably prolonged.  *See id.* at 773.  Under this test, the Court considers:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Gao v. LaRose*, 805 F. Supp. 3d 1106, 1111 (S.D. Cal. 2025).

As to the first factor, which has been described as "the most important," *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019), Petitioner has been detained for 21 months.  (*See* Doc. 8 at 2; Doc. 9 at 2.)  "Courts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable." *Abdul Kadir v. Larose*, Case No.: 25cv1045-LL-MMP, 2025 WL 2932654, at *5 (S.D. Cal. Oct. 15, 2025) (collecting cases).  The length of detention thus weighs in Petitioner's favor.

As to the second factor, the Court finds that the "undetermined, but likely significant, period of mandatory detention through the appeals process" weighs in favor of Petitioner. *Gao*, 805 F. Supp. 3d at 1111; *accord Guatam v. Corr. Corp. of Am.*, Case No.: 3:25-cv-3600-JES-DEB, 2026 WL 25846, at *5 (S.D. Cal. Jan. 5, 2026) ("a removal order may not become final until after the appeals [the petitioner] could file, to both the Board of Immigration Appeals and Ninth Circuit").

As to the third factor, "[t]he more that the conditions under which the [noncitizen] is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing." *Banda*, 385 F. Supp. 3d at 1119 (citation omitted).  Petitioner is detained at Otay Mesa Detention Center, the conditions of which other courts have found "indistinguishable from penal confinement." *Kydyrali*, 499 F. Supp. 3d at 773 (citation omitted).  The conditions of confinement weigh in Petitioner's favor.

3:26-cv-01450-RBM-JLB

The fourth and fifth factors are neutral, as there is nothing in the record to suggest either Party has been responsible for delays in the removal proceedings.

As to the sixth factor, Petitioner's applications for relief were denied. (Doc. 9 at 2.) This makes it more likely that the removal proceedings will result in a final order of removal. *Cf. Abdul Kadir*, 2025 WL 2932654, at *5 (finding that the petitioner's grant of asylum was a strong indication that he would not receive a final order of removal). This weighs against Petitioner.

Three of the factors, including "the most important one," weigh in Petitioner's favor, and one weighs against him. Therefore, the Court finds that Petitioner's detention under § 1225(b) has become unreasonably prolonged and that due process requires that he be provided with a bond hearing. The Court thus **GRANTS in part** the Amended Petition.

**C.    Remedy**

Petitioner argues that the Court should order immediate release because: (1) "immigration judges' neutrality has been compromised" and "there is a serious risk that an IJ will order [Petitioner's] continued detention even if he poses no danger or flight risk;" and (2) Respondents waived their opportunity to argue that immediate release is not the correct remedy. (Doc. 8 at 9–17; Doc. 10 at 3–4.)

The Court "declines to address the issues raised by Petitioner regarding the neutrality of immigration courts generally." *Sandesh v. LaRose*, Case No.: 26-cv-0846-JES-DDL, 2026 WL 622690, at *5 (S.D. Cal. Mar. 5, 2026). "It is axiomatic that the IJ must apply the proper legal standard to effectuate this Court's order for a bond hearing." *Id.* That proper legal standard is set forth in the Conclusion and footnote 1, below.

## IV.    CONCLUSION

For the foregoing reasons, the Amended Petition (Doc. 8) is **GRANTED in part**. The Amended Petition is **DENIED** to the extent it seeks immediate release. Accordingly:

1. Respondents are **ORDERED** to arrange an individualized bond hearing for Petitioner before an immigration judge within **ten (10) days** of entry of this Order to determine whether his continued detention is warranted.

5

3:26-cv-01450-RBM-JLB

2. Respondents **SHALL BEAR** the burden of establishing, by clear and convincing evidence,[1] that Petitioner poses a danger to the community or a risk of flight. If no hearing occurs **within ten (10) days** of entry of this Order, Petitioner shall be released from Respondents' custody.

3. On or before **April 24, 2026**, Respondents **SHALL FILE** a status report indicating whether and when Petitioner received a bond hearing, and the outcome of that bond hearing.

4. Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel.

5. The TRO Motion (Doc. 3) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

DATE: April 2, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[1] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

3:26-cv-01450-RBM-JLB